UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

LAWRENCE WEISSMAN,

Plaintiff,

vs.

NCL (BAHAMAS) LTD., A BERMUDA
COMPANY,

Defendant.
_____/

**COMPLAINT**

Plaintiff, Lawrence Weissman, sues Defendant, NCL (Bahamas) Ltd., a Bermuda Company, and alleges:

**A. Case Summary**

1. This is a personal-injury/negligence case brought by a cruise-ship passenger against a cruise line after the passenger was injured when a door violently slammed on his hand.

**B. Basis for Jurisdiction and Venue**

2. This case falls within the Court's diversity-of-citizenship jurisdiction because:

   (a) The Plaintiff is a citizen of California.

   (b) The Defendant is a citizen of Bermuda, and its principal place of business is in Florida.

   (c) The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. This case has been filed in this district because the Plaintiff's cruise ticket contains a forum-selection clause that says that actions such as this may be filed only in the

United States District Court in Miami, Florida.

### C.  Rule 9(h)(1) Designation

4.	Because the accident out of which the Plaintiff's claim arises occurred on a ship sailing on navigable waters and because the ship was engaged in an activity–pleasure cruising–bearing a substantial relationship to traditional maritime activity, the Plaintiff's claim for relief is within the admiralty or maritime jurisdiction and is governed by the general maritime law. But the claim is also within the court's subject-matter jurisdiction on diversity-of-citizenship grounds, so the Plaintiff designates this claim as one brought at law under the court's diversity of citizenship jurisdiction. (Nevertheless, this claim is still governed by the general maritime law.)

### D. Three Counts of Negligence

#### Count 1
#### Negligent Failure to Eliminate Hazard

5.	On or about April 1, 2022, the Plaintiff was a fare-paying passenger aboard *Norwegian Bliss*, a cruise ship owned and operated by the Defendant.

6.	At that time and place the Defendant owed the Plaintiff a duty of reasonable care.

7.	One aspect of the Defendant's duty of care is the Defendant's duty to repair or eliminate hazards that the Defendant knows about or should know about, especially hazards like the one described below, which are completely unexpected and unknown to guests on the ship.

8.	The hazard that was present in the Plaintiff's cabin (cabin no. 14868) on April 1, 2022, was the wind-tunnel effect that occurs whenever the cabin's balcony door is open at the same time another door, such as the cabin's entrance door, is open. This wind-tunnel effect occurs when a strong wind enters the room from the balcony and causes the cabin's entrance

door to slam shut suddenly and without warning, and with a great force that is difficult to withstand. The slamming door presents a danger to anyone standing in the way of the door or to anyone who has placed a body part such as an arm, leg, hand, foot, or head in the path of that door. (This violently -slamming-door hazard presents an extreme danger to small children, as well as to the many drinkers the Defendant plies at its omnipresent liquor stations.[1])

9. The Defendant was well aware of the existence of this hazard in cabins with balconies, or the Defendant should have been aware of it by the exercise of reasonable care, as the hazard occurred with regularity, and was therefore foreseeable.

10. On or about April 1, 2022, in or around passenger cabin no. 14868, the Defendant breached its duty of care to the Plaintiff by failing to prevent this hazard by installing a simple door-stopping mechanism or a door-slowing mechanism at the cabin's entrance door, for example, by using a hydraulic system, magnets, latches, hooks, "eye" closures, or other devices that any engineer could devise to prevent the dangerous, violent slamming of that door.

11. As a result of the Defendant's negligence, the Plaintiff badly injured his hand when his cabin door violently slammed on it. He suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

---

[1]The Defendant well understands the correlation between the massive quantities of alcohol it sells onboard ship and shipboard accidents: all passengers reporting accidents are encouraged to submit to breathalyzer tests.

12. The Plaintiff has performed all conditions precedent to be performed by him, or the conditions have occurred.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000 in damages, and costs, and the Plaintiff demands a jury trial.

### Count 2
### Negligent Failure to Comply with Safety Rules

13. The Plaintiff here adopts all of the allegations made in the preceding paragraphs, and adds the following:

14. In addition to the negligence describes in Count 1, the Defendant also breached its duty of care to the Plaintiff by failing to comply with its own internal policies and procedures established by the ISM Code, SMS, and other internal operational procedures required by the ISM Code, SOLAS, all applicable health, building and safety codes and ordinances in accordance with 33 CFR 99.100 et. seq., 46 USC Section 3201 et. seq., and all Rules and Regulations, including, but not limited to all relevant NVIC's of the United States Coast Guard.

15. The Defendant's failure to comply with those rules caused or contributed to the injury described in Count 1.

### Count 3
### Negligent Failure to Warn

16. The Plaintiff here adopts all of the allegations made in the preceding paragraphs, and adds the following:

17. In addition to the negligence described in Counts 1 and 2, the Defendant also breached its duty of care to the Plaintiff by failing to provide the Plaintiff with adequate warnings about this "invisible" wind hazard that the Plaintiff didn't know about but the

Defendant *did* know about or should have known about.

      18.    The Defendant's failure to warn the Plaintiff caused or contributed to the injuries described in Count 1.

Dated: June 27, 2022

Respectfully submitted,
David W. Singer (Florida Bar No. 306215)
dsingeresq@aol.com
Peter G. Walsh (Fla. Bar No. 970417)
pwalsh@1800askfree.com
David W. Singer & Assoc., PA
1011 South Federal Highway
Hollywood, FL  33020
954-920-1571
Attorneys for Plaintiff, Lawrence Weissman