UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  22-cv-21954-RNS

LAWRENCE WEISSMAN,

    *Plaintiff*,

vs.

NCL (BAHAMAS) LTD,
a Bermuda Company d/b/a
NORWEGIAN CRUISE LINE,

    *Defendant*.
_____/

## **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant NCL (Bahamas) Ltd. ("NCL"), by and through undersigned counsel, moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 8, 10 and 12.

## **Introduction and Factual Background**

This is a maritime personal injury action in which Plaintiff alleges he was injured while cruising aboard a vessel operated by NCL. [DE 1]. Specifically, Plaintiff alleges he injured his hand onboard the *Norwegian Bliss* when "his cabin door violently slammed on it" because of a "wind-tunnel effect" caused by Plaintiff leaving his balcony door open. *Id.* Plaintiff's Complaint contains three counts, but Counts 2 and 3 begin by "adopt[ing] all of the allegations made in the preceding paragraphs…" and Plaintiff's Complaint is therefore a shotgun pleading which should be dismissed. Furthermore, Count 2, entitled "Negligent Failure to Comply with Safety Rules", should also be dismissed for failing to identify or plead any specifics about the safety rules NCL allegedly violated. Finally, Plaintiff's Complaint warrants dismissal because it fails to provide any specifics on how NCL was on notice of the allegedly dangerous condition.

## Memorandum of Law

**I.    Legal Standard**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2000). The allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Although detailed factual allegations are not required, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action" will not do. *Id*. at 1949. A complaint's factual allegations must be enough to raise a right to belief above speculative level. *Id*.; see also *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002) (holding that conclusory allegations and unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal). When a plaintiff "[has] not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; see also *Kyricopoulous v. Rollins*, 1996 U.S. App. LEXIS 15262 at *4 (1st Cir. 1996) ("Rule 12(b)(6) is specifically designed to streamline litigation and do away with 'needless discovery.'").

**II.   General Maritime Law Applies**

"An action involving personal injuries sustained aboard a ship while at sea is a case in admiralty." *Gandhi v. Carnival Corp.*, 2014 U.S. Dist. LEXIS 33395 (S.D. Fla. Mar. 14, 2014).

Plaintiff alleges he was a passenger aboard a cruise ship when he was injured, and that general maritime law governs his claim. [DE 1, ¶4].

### III. Plaintiff's Complaint Improperly Merges Multiple Counts

Plaintiff's Complaint should be dismissed because it improperly comingles multiple theories of negligence in violation of Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P. 10(b). Counts 2 and 3 of Plaintiff's Complaint begin by stating that "Plaintiff here adopts all of the allegations made in the preceding paragraphs, and adds the following…" [DE 1, ¶13 and ¶16]. Therefore, Plaintiff's Count 2 (Negligent Failure to Comply with Safety Rules) incorporates the allegations in Count 1 (Negligent Failure to Eliminate Hazard), and Count 3 (Negligent Failure to Warn) incorporates the allegations in both Counts 1 and 2. Plaintiff's mixing of multiple counts is anything but the "simple, concise, and direct" allegations required by Fed. R. Civ. P. 8(d)(1).

A complaint that consolidates a myriad of factual allegations and legal theories into one count, as Plaintiff has in this case, is known as a "shotgun" pleading. See *Kennedy v. Bell South Telecomms., Inc.*, 546 Fed. Appx. 817, 819-20 (11th Cir. 2013); *BMC Industries, Inc. v. Barth Industries, Inc.*, 160 F.3d 1313, 1322-23 n.6 (11th Cir. 1998). In *Anderson v. Dist. Bd. Of Trs. Of Cent. Fla. Cmty. Coll.*, the Eleventh Circuit, concerned about the ramifications of cases proceeding on the basis of shotgun pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

77 F.3d 364, 366-67 (11th Cir. 1996).

As such, the Eleventh Circuit has advised against allowing a case to proceed with such shotgun pleadings. See *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001); *see also Bartes v. Sch. Bd. Of Alachua Cnty.*, 2005 U.S. App. LEXIS 23386 (11th Cir. 2005) ("We have condemned

these "shot gun" pleadings on numerous occasions because they make it 'virtually impossible to know which allegations of fact are intended to support with claim(s) for relief' and 'impede the orderly, efficient, and economic disposition of disputes.'"); *Vibe Micro, Inc. v. Shabanets*, 2018 WL 268849, *2 (11th Cir. Jan. 3, 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings" because "[t]hey waste scarce judicial resources, inexorably broaden[ ] the scope of discovery, wreak havoc on appellate court dockets, and undermine[ ] the public's respect for the courts.").

In the instant matter, Plaintiff's Complaint inexplicably adopts the prior counts into each of the following counts, thereby alleging multiple causes of action in one count. As a result, NCL is unable to decipher the independent grounds upon which each claim rests, and it cannot formulate specific defenses to each count. As Plaintiff's Complaint violates the Federal Rules of Civil Procedure and is highly confusing as pled, NCL respectfully submits that Plaintiff's Complaint should be dismissed.

## IV. Plaintiff Did Not Identify Any Rule NCL Allegedly Violated

Count 2 of Plaintiff's Complaint alleges that NCL failed to comply with "safety rules", but he does not specify any such rule for which NCL failed to comply. Paragraph 14 of his Complaint simply alleges that NCL breached its duty of care by:

> [F]ailing to comply with its own internal policies and procedures established by the ISM Code, SMS, and other internal operational procedures required by the ISM Code, SOLAS, all applicable health, building and safety codes and ordinances in accordance with 33 CFR 99.100 et. seq., 46 USC Section 3201 et. seq., and all Rules and Regulations, including, but not limited to all relevant NVIC's of the United States Coast Guard

By not providing any specifics, Plaintiff has made it impossible for NCL to provide a complete response and know how Plaintiff plans to overcome his burden of proof that NCL was negligent. NCL is entitled to know this information at the outset of this litigation. See *Twombly*, 550 U.S. at

544, 555 (finding that Fed. R. Civ. P. 8(a)(2) "requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'"). See also *Little v. Newark Beth Israel Medical Ctr.*, 2008 U.S. Dist. LEXIS 1939 (D.N.J. 2008) (plaintiff was required to identify with specificity which statutes were underlying his claims because defendant was given no notice of the statutory basis for plaintiff's claims); *Perdue v. WestPoint Home, Inc.*, 2008 U.S. Dist. LEXIS 7591, *11-13 (N.D. Fla. 2008) (dismissing count I of plaintiff's whistleblower complaint for failure to reference the applicable law, rule, or regulation alleged to have been violated because "[r]equiring that Plaintiff simply cite a law, rule, or regulation on which her claim rests … does not place too onerous a burden on her.").

When faced with a similarly vague Complaint alleging unidentified statutory violations, the Honorable Judge William P. Dimitrouleas dismissed a plaintiff's complaint and found that:

> [b]y failing to identify the specific provisions purportedly violated by Defendant, Plaintiff has failed to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests, and Plaintiff's allegations amount to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.

*Liberatore v. MSC Cruises (USA), Inc.* 2010 U.S. Dist. LEXIS 151530 (S.D. Fla. Jan. 12, 2010) (Dimitrouleas, W.) (internal quotations and citations omitted). Unless Plaintiff identifies the exact rules, codes, policies, procedures, etc. that NCL has violated, NCL cannot properly defend itself, and therefore this Count should be dismissed.

## V. Plaintiff Fails to Sufficiently Allege Notice

Plaintiff's Complaint must also be dismissed because Plaintiff has failed to allege sufficient matter which, taken as true, would establish a right to relief. To state a claim for maritime negligence, a plaintiff must allege facts showing 1) the defendant had a duty to protect plaintiff from an injury; 2) the defendant breached that duty; 3) the breach proximately caused the plaintiff's

injury; 4) the plaintiff suffered harm as a result. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). The duty owed by a ship owner to its passengers is a duty of reasonable care under the circumstances of each case. See *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir. 1989) (quoting *Kermarec v. Compagnie*, 358 U.S. 625, 632, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959)).

This standard requires that Plaintiff prove, as a prerequisite to imposing liability, that NCL had actual or constructive notice of the dangerous condition that caused Plaintiff's injury. See *Pizzino v. NCL (Bahamas) Ltd.*, 709 Fed. Appx. 563, 565 (11th Cir. 2017); see also *Keefe*, 867 F.2d at 1322 ("as a prerequisite to imposing liability . . . the carrier [must] have had actual or constructive notice of the risk-creating condition."); *Wu v. NCL (Bahamas) Ltd.,* 2017 WL 1331712, at *3 (S.D. Fla. Apr. 11, 2017) (Scola, J.). A cruise line is not an insurer of its passengers' safety and is not liable to passengers in negligence simply because an accident occurred. See *Everett v. Carnival Cruise Lines,* 912 F.2d 1355, 1358 n.3 (11th Cir. 1990) ("[T]he vessel owner is not liable to passengers as an insurer, but only for its negligence . . . [t]he purpose behind the... notice requirement is that the shipowner should not be made the insurers of passenger safety.") (internal citations omitted); see also *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65 (2d Cir. 1988) (holding that the occurrence of a passenger injury does not automatically give rise to a claim for negligence); *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 41 n.1 (S.D. Fla. 1986) ("Merely because an accident occurs, a carrier does not become liable to a passenger."). Courts in this District have dismissed maritime negligence claims where plaintiffs alleged a conclusory allegation of notice, but failed to allege sufficient facts showing that the cruise line had notice of the allegedly dangerous condition. S*ee e.g., Cisneros v. Carnival Corp.*, 2020 U.S. Dist. LEXIS

11120 (S.D. Fla. Jan. 23, 2020) (King, J.); *Sperzel v. NCL (Bahamas) Ltd.*, 2020 U.S. Dist. LEXIS 6954 (S.D. Fla. Jan. 13, 2020) (Ungaro, J.).

In the case at bar, Plaintiff's Complaint simply alleges that NCL was "well aware of the existence of this hazard in cabins with balconies, or [NCL] should have been aware of it by the exercise of reasonable care, as the hazard occurred with regularity, and was therefore foreseeable." [DE 1, ¶9]. Plaintiff's allegations are form and conclusory, and he fails to plead any factual allegations to support <u>how</u> NCL either had actual knowledge or should have known about the alleged risk-creating condition. Plaintiff's Complaint fails to properly allege notice, a pre-requisite to establishing liability in a maritime negligence claim, and therefore they must be dismissed for failure to state a claim for negligence upon which relief can be granted. *Id.*; see also *Pizzino,* 709 Fed. Appx. at 565; *Cisneros,* 2020 U.S. Dist. LEXIS 11120 (S.D. Fla. Jan. 23, 2020) (King, J.) (dismissing plaintiff's complaint where the plaintiff failed to allege sufficient facts showing that the cruise line had notice of the allegedly dangerous condition); *Brainard v. NCL (Bahamas) Ltd.,* 2020 U.S. Dist. LEXIS 131284 (S.D. Fla. July 22, 2020) (Cooke, J.).

## <u>Conclusion</u>

For the foregoing reasons and based on the above cited authorities, NCL respectfully submits that this Honorable Court should enter an Order Dismissing the Complaint. Or, in the alternative, NCL respectfully requests the Court enter an Order compelling Plaintiff to cure the clear deficiencies by filing a proper Amended Complaint.

WHEREFORE the Defendant, NCL (Bahamas) Ltd., respectfully requests this Court enter an Order dismissing Plaintiff's Complaint against NCL, in addition to all further relief deemed just and proper.

Respectfully Submitted,

**NORWEGIAN CRUISE LINE**
Attorneys for Defendant
7665 Corporate Center Drive
Miami, Florida 33126
Telephone: (305) 436-4377
Facsimile: (305) 468-2132

By: */s/ Todd Sussman*
    **Todd L. Sussman, Esq.**
    Florida Bar No. 0084729
    tsussman@nclcorp.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July 2022, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

By: */s/ Todd Sussman*
    **Todd Sussman, Esq.**

### SERVICE LIST

*Lawrence Weissman vs. NCL (Bahamas) Ltd.*
Case No.: 22-cv-21954-RNS
United States District Court for the Southern District of Florida

| | |
|---|---|
| Todd L. Sussman, Esq. | David W. Singer, Esq. |
| NORWEGIAN CRUISE LINE | Peter G. Walsh, Esq. |
| 7665 Corporate Center Drive | David W. Singer & Associates, PA |
| Miami, FL 33126 | 1011 South Federal Highway |
| Telephone: (305) 436-4653 | Hollywood, FL 33020 |
| Facsimile: (305) 468-2132 | Tel: (954) 920-1571 |
| tsussman@ncl.com | dsingeresq@aol.com |
| jjara@ncl.com | pwalsh@1800askfree.com |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |